Reed, J.,
delivered the opinion of the court.
This was a suit in equity brought by plaintiff, in error to restrain the collection of the judgment at law obtained by *369 the defendant in error against the plaintiff, in Williams v. Carr, ante, 363, and is an adjunct of that case.
The allegations in the complaint are identical in substance with the motions and defenses set up in the answer and adjudicated in that case, containing no new matter whatever.
It is hard to determine the theory upon which counsel based the suit, unless it can be gathered from the following contained in the argument of counsel:
“The deposition of Ulman was taken in the state of New York, and that his testimony therein given and recorded was in support of the answer filed by the plaintiff, Williams, in the suit at law; that McCrary having died in the meantime, and the defendant Carr being the prosecutor of said cause in the capacity of administrator for McCrary, deceased, the deposition of Ulman could not be read in evidence in said cause ; by reason of such fact the bill of complaint alleges that the cause coming on for trial on the 29th day of March, A. D. 1892, before the district court of Arapahoe county, a finding was had against this plaintiff and in favor of the defendant herein, as prayed for in the complaint, for the amount of said note, less certain part payments and credits thereon, together with interest and costs. That Ulman was the only witness who knew of the extensions in time of payment of said note, and the subsequent payment thereof, and inasmuch as lie was held incompetent as a witness against the administrator, by reason of his interest, and also that he was a party to the record, the plaintiff herein was deprived of the benefit of his defense in said cause at law. An injunction was prayed for perpetually enjoining and restraining the defendant from further attempting to enforce said note or prosecuting any case at law for its collection. A temporary injunction was allowed by the court below, which was afterwards dissolved and the bill dismissed upon the sustaining of the defendant’s demurrer to plaintiff’s bill of complaint. Whereupon the court gave judgment in the law action for the plaintiff and against the defendant.”
A mistaken theory based upon the supposition that by an *370 attempted change from law to equity, the same issues could be retried; the evidence rejected in the former, admitted, and with no new evidence or facts, a different result could be reached. In support of this theory it is said in argument: “ The injunction prayed for is not asked for the purpose of restraining a court at law from the exercise of any of its rights and powers, nor is it asked under the impression that the equity side of the court exercises and wields a supremacy over the side at law. In all of such proceedings the injunctive relief is directed, not to the court itself, so as to hamper and retard it in any way, but to the litigants, for the purpose of preventing and restraining them from taking any further steps in the prosecution of their cause.”
I cannot see that this doctrine is applicable or in any way assists, for, whether the injunction were directed to the court or parties, the effect would be the same — a reversal of the former judgment — and it would seem to be a matter of very little importance to a plaintiff who had obtained a judgment at law whether the judgment was reversed by the same court or any other adjudication in equity, or he was perpetually enjoined from collecting or attempting to collect it. Either would be equally fatal.
One important and indispensable requisite to obtaining equitable relief has been entirely overlooked. It is clearly and briefly stated in 1 High on Injunc., sec. 47. “And to warrant the interference a clearly established case of fraud, accident or mistake must be shown, sufficient to deprive the person aggrieved of the defense at law.” See, also, 2 Story, Eq. Juris., sec. 885; Sackett v. Hillhouse, 5 Day (Ct.) 551; Dale v. Roosevelt, 5 Johns. Ch. 174; Field v. Cory, 3 Hals. 574; Rogers v. Cross, 3 Chand. (Wis.) 34.
In this neither fraud, accident nor mistake are asserted, and nothing more than that the defendant in the action at law had no legal and competent evidence to sustain his defense. The statutory prohibition rendering both Williams and Ulman incompetent to testify was the same in equity as at law; if *371 such were not the fact the statute could be abrogated in every instance by a supposed resort to equity.
In support of the general propositions here stated: see Butler v. Rockwell, 14 Colo. 138; Fetta v. Vandevier, 3 Colo. App. 419; Savage v. Allen, 54 N. Y. 458; Maxell v. Lutz, 34 Ill. 388.
The judgment of the district court sustaining the demurrer and dismissing the complaint will be affirmed.

Affirmed.